USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

NOEL DELGADO,      :

             Plaintiff,      :   17 Civ. 7588 (HBP)

  -against-      :   OPINION
                        AND ORDER

THE TECHNICAL INSTITUTE      :
OF AMERICA, INC.,
                        :
             Defendant.
                        :
-------------------------------------X

       PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve their settlement. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       Plaintiff formerly worked for defendants and seeks, by this action, to recover allegedly unpaid wages, unpaid overtime premium pay, liquidated damages, prejudgment interest and attorney's fees. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. Plaintiff also asserts claims based on defendants' alleged failure to provide wage statements and notices as required by the NYLL.

Defendant operates a job training school in New York where plaintiff worked as an instructor providing training for aspiring nurse's aids. Plaintiff claims that because the training she provided involved teaching and demonstrating the physical tasks that a nurse's aid performs with a patient, she is a manual worker and is not exempt from the minimum wage and overtime provisions of the FLSA and Labor Law. Exclusive of legal fees, plaintiff claims that she is owed approximately $200,000 in unpaid wages, liquidated damages and statutory damages Defendant claims that plaintiff is an exempt employee, relying primarily on the Court of Appeals' decision in Fernandez v. Zoni Language Centers, Inc., 858 F.3d 45 (2d Cir. 2017).

I held a lengthy settlement conference with counsel and the parties on January 3, 2018. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total payment from defendant to plaintiff of $30,000. The parties put the following terms on the record in open court: (1) defendants shall pay plaintiff $30,000 in full and final settlement of all of plaintiff's wage and hour claims within 21 days of the issuance of the Order approving the settlement, (2) the first $460 of the $30,000 will be allocated to reimburse plaintiff's counsel for his out-of-pocket costs, (3) one third of the remainder, or

2

$9,847, will be paid to plaintiff's counsel as a fee and (4) the balance after the foregoing deductions, or $19,693 will be paid to plaintiff.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. Based upon their pre-

3

conference submissions and their performance at the settlement conference, it is clear to me that all parties are represented by counsel who are knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

Plaintiff's actual claimed unpaid wages are approximately $60,000; the balance of plaintiff's damages claim is comprised of interest, liquidated damages and statutory penalties for the late payment of wages and the failure to provide certain wage notices. After deduction of attorneys' fees and costs, the

4

net settlement represents approximately 33% of plaintiff's estimated actual unpaid wages. Given the risks of litigation, discussed in more detail below, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. If the case were to proceed, discovery may be needed in order for the parties to prepare for trial. Settlement avoids the necessity of conducting discovery and preparing for a trial.

Third, the settlement will enable plaintiff to avoid the risks of litigation. Fernandez v. Zoni Language Centers, Inc., supra, 858 F.3d 45, involved facts fairly similar to those involved here. In that case, the court affirmed the dismissal of an FLSA complaint brought by a language instructor on the ground that defendant was an educational establishment and that its teachers were exempt from the FLSA's minimum wage and overtime requirement. Although plaintiff's work here involved more physical activity than that involved in Fernandez, that physical activity was incidental to her primary task -- imparting knowledge to students. Thus, whether a judge would find Fernandez to be distinguishable is far from clear. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in

assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because I presided over the settlement conference that lead to the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation before the Court, and the settlement figure was suggested by me, further negating the possibility of fraud or collusion.

Finally, as noted above, the settlement agreement will provide that, after deduction of out-of-pocket costs, approxi-

mately 33% of the total settlement amount will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL

2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). Therefore, the contingency fee is reasonable.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement. See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:  New York, New York
        January 30, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8